IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RICHARD W. MORROW**                                                         **PLAINTIFF**

V.                                         **CIVIL ACTION NO.: 1:16CV194-GHD-RP**

**ALCORN COUNTY SHERIFF DEPT., ET AL.**                     **DEFENDANTS**

## ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Richard W. Morrow, a Mississippi inmate housed at the East Mississippi Correctional Facility, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against the Alcorn County, Mississippi, Sheriff's Department; Narcotics Officer Darrell Hopkins; and Deputy Mackie Sexton, alleging that they violated his constitutional rights to be free from false arrest and illegal search and seizure. Having fully considered Morrow's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

### Screening Standards

Because Morrow has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A

complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations

Morrow alleges that on April 7, 2012, Officer Hopkins and Deputy Sexton came to his home and accused him of being in possession of marijuana, which Morrow denied. Morrow maintains that he allowed the officers into his home after they stated they would search his home and car if he did not produce the marijuana. Morrow claims that Officer Hopkins asked him for a plastic bag sitting beside a chair in Morrow's living room, and that upon opening it, Hopkins found several bags of marijuana. Morrow signed a consent for the officers to search his home, and he gave officers a wooden box containing scales, a grinder, and rolling papers. Morrow was then transported to the Alcorn County Jail where he was charged with felony possession of a controlled substance. In this action, he seeks monetary compensation for Defendants' allegedly illegal search, property seizure, and arrest of Morrow.[1]

## Discussion

In his complaint, Morrow states that he permitted officers to enter his home and granted Officer Hopkins' request for the plastic bag where marijuana was found. Morrow also

---

[1] Morrow also alleges that the officers failed to advise him of his *Miranda* rights after his arrest, *see Miranda v. Arizona*, 384 U.S. 436 (1966), but he has not indicated that he was in any way injured by this alleged failure.

subsequently signed a consent to allow law enforcement officers to search his residence, which resulted in the discovery of drug paraphernalia. The presence of drugs and drug paraphernalia are sufficient to establish probable cause for Morrow's warrantless arrest under the Fourth Amendment. *See, e.g., United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999) (holding warrantless arrest may be constitutionally carried out under the Fourth Amendment provided it is based on probable cause); *Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citation omitted) (holding probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense"). Additionally, even if the Court were to conclude that Morrow's home was unlawfully searched, it would not impact the legality of Morrow's arrest, as the Fifth Circuit has concluded that evidence obtained from an unlawful search may be utilized in considering whether probable cause existed for an arrest. *See, e.g., Wren v. Towe*, 130 F.3d 1154, 1156-57 (5th Cir. 1997). Therefore, the Court finds that Morrow has failed to establish any illegality with regard to the search of his home, the seizure of his personal property, or his arrest.

Additionally, even if Morrow could establish that his constitutional rights were violated, the Court would nonetheless be required to dismiss this action, as the statute of limitations has expired in this case. In a § 1983 action, courts apply a state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Mississippi, the applicable statute of limitations is three years. *See* Miss. Code Ann. § 15-1-49; *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). While state law establishes the length of the limitations period, federal law governs when the limitations period accrues.

*Wallace*, 549 U.S. at 388. "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Pitrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citations and quotations omitted).

The events alleged in the instant complaint occurred on April 7, 2012. Inasmuch as the events unfolded with Morrow present and participating with officers, he clearly knew of the alleged constitutional violations at the time they occurred but waited until October 2016 to bring this action. Accordingly, Morrow's claims are barred by Mississippi's three-year statute of limitations, and his complaint will be dismissed with prejudice as frivolous. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (holding that claims that are clearly time-barred are properly dismissed under § 1915).

## Conclusion

Morrow's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED WITH PREJUDICE** as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Morrow is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

SO ORDERED this the 4 day of January, 2017.

SENIOR U.S. DISTRICT JUDGE

4